# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DENNIS E. RAY,**

        **Petitioner,**

**vs.**
                            **CASE NO. 8:12-cv-2429T-27TGW**
                            **CRIM. CASE NO. 8:07-cr-497-T-27TGW**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Motion to Dismiss (CV Dkt. 8), and Petitioner's Motion to Amend (CV Dkt. 9). Upon consideration, both Petitioner's motion to vacate and his motion to amend are DENIED and the Government's Motion to Dismiss is GRANTED.

### Procedural Background

On March 12, 2008, Petitioner pleaded guilty pursuant to a written plea agreement to Counts One and Three of an indictment which charged Petitioner with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (Count One) and carrying and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), (2).[1] (CR Dkts. 82, 200). On July 18, 2008, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to two hundred ninety-four (294) months imprisonment on Count One and to a consecutive sentence of sixty (60)

_____

[1] The court granted the Government's motion to dismiss Count Two. (CR Dkts. 152, 153).

months imprisonment on Count Three to be followed by concurrent terms of five years of supervised release for both Counts One and Three.  (CR Dkt. 153).

Petitioner appealed.  On September 28, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions but vacated Petitioner's designation as a career offender and remanded for resentencing.  (CR Dkt. 209).  On November 10, 2009, Petitioner was resentenced to one hundred forty one months imprisonment on Count One and to a consecutive term of sixty months imprisonment on Count Three to be followed by concurrent terms of five years of supervised release for both Counts One and Three.  (CR Dkt. 212).  Petitioner appealed his resentencing.  On July 2, 2010, the Eleventh Circuit dismissed the appeal based upon the valid plea waiver in Petitioner's plea agreement and the "law of the case" doctrine.  (CR Dkt. 228).

Petitioner signed his Section 2255 motion on October 26, 2012.  (CR Dkt. 231; CV Dkt. 1). The Respondent challenges the motion's timeliness and moves to dismiss the motion as time-barred.

Petitioner presents four grounds for relief:

**Ground One:**    Petitioner did not knowingly and voluntarily waive his right to appeal;

**Ground Two:**    The Government breached the plea agreement;

**Ground Three:**    Trial counsel rendered ineffective assistance by not objecting to the amount of cocaine cited in the pre-sentence investigation report, rendering Petitioner's plea involuntary; and

**Ground Four:**    Trial counsel rendered ineffective assistance by not objecting to the district court's miscalculation of the sentencing guidelines range

## DISCUSSION

### I.    Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996,

2

establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (holding that a judgment becomes "final" when the time for filing a petition for writ of certiorari expires).

Following the Eleventh Circuit's July 2, 2010, dismissal of Petitioner's appeal of his resentencing, Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. As a consequence, his conviction became final on September 30, 2010, when the ninety-day period for seeking certiorari review expired.[2] *Clay v. United States*, 537 U.S. at 532; *Kaufmann v. United States*, 282 F.3d at 1339. Petitioner had one year from that date, until September 30, 2011,

---

[2] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3.

to timely file a Section 2255 motion.  Petitioner did not file his Section 2255 motion until October 26, 2012,[3] more than one year after the expiration of the one-year limitation.  Consequently, Petitioner's motion is time-barred under Section 2255(f)(1).

Apparently recognizing the untimeliness of his motion to vacate, Petitioner argues entitlement to a delayed start of the one-year limitation based upon both a "government impediment" under 28 U.S.C. § 2255(f)(2) and a "newly discovered fact" under 28 U.S.C. § 2255(f)(4).  First, Petitioner asserts that his motion is timely under Section 2255(f)(2) because both the Government and his appellate counsel prevented him from filing his motion by not sending him "a copy of the [Eleventh Circuit]'s order denying his appeal or a copy of the Government's brief until April 12, 2012." (CV Dkt. 2, p. 2).  Petitioner attaches to his motion a copy of a letter dated April 12, 2012, from a legal assistant with his appellate counsel's law office that states in relevant part:

> Please find enclosed the copy of the Response to the 2nd brief filed by the Government.  I do apologize[.]  [T]he Government was to send you a copy and we made the assumption that they followed through on their end.

(CV Dkt. 2, Ex. A).  The letter does not include an appellate case number or any other indication of what "2nd brief" the letter refers to.  The letter may refer to the Government's motion to dismiss filed with the second appeal following Petitioner's resentencing.[4]

To the extent Petitioner argues entitlement to the application of Section 2255(f)(2) based upon appellate counsel's alleged failure to apprise Petitioner of the outcome of his second direct

---

[3] For timeliness purposes, the court considers Petitioner's motion filed on the day that he signed his motion. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a *pro se* prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

[4] The docket does not indicate that the Government filed more than one brief or motion to dismiss in Petitioner's second appeal.  *See* online docket for the United States Court of Appeals for the Eleventh Circuit, Case no. 09-15805 at:  http://pacer.ca11.uscourts.gov/CHMSDKTP.FWX?DKTNO=200915805.

appeal, Petitioner cannot obtain relief because Section 2255(f)(2) specifically applies to governmental action, not the action or inaction of a petitioner's counsel.  *See, e.g., Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1301 (11th Cir. 2007) ("[T]he failure of . . . court-appointed counsel to file more promptly [for state post-conviction relief does not qualify as] an impediment to filing created by State action within the meaning of § 2244(d)(1)(B) [a similar limitation provision applicable to 28 U.S.C. § 2254 habeas petitions."]).[5]  To the extent Petitioner argues (1) entitlement to application of Section 2255(f)(2) due to the Government not sending him a copy of the dismissal of his second direct appeal and (2) that this inaction amounts to an impediment created by governmental action, he cannot obtain relief.  "A movant must show that the alleged impediment 'caused an actual harm, or in other words, *unconstitutionally* prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement.'"  *Williams v. United States*, 360 Fed. App'x 34, 36 (11th Cir. 2010) (quoting *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)) (emphasis added).  Thus, Petitioner must show that the impediment "actually *prevented* him from timely filing" his motion.  *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Petitioner does not cite any legal authority establishing that the Government had a constitutional obligation to apprise Petitioner of the outcome of his appeal before Petitioner could file a motion to vacate.  Because he does not establish either that the Government's inaction amounts to an "impediment" as contemplated by Section 2255(f)(2) or that the Government's inaction unconstitutionally prevented him from filing his motion to vacate, Petitioner is not entitled to the

---

[5] *See Gay v. United States*, 816 F.2d 614, 616, n.1 (11th Cir. 1987) (recognizing that the principles developed in Section 2254 habeas cases also apply to Section 2255 motions) (citing *Sanders v. United States*, 373 U.S. 1, 18 (1963)).

delayed start of the limitation under 28 U.S.C. § 2255(f)(2).  *Williams*, 360 Fed. App'x at 36.

Petitioner alternatively argues that his motion is timely under Section 2255(f)(4) based upon his receipt of the April 12, 2012, letter because that is the date that he learned the outcome of his second direct appeal.[6]  Section 2255(f)(4) specifically addresses "the date on which the facts supporting the *claim or claims* presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added).  All four of Petitioner's claims for relief were readily available to him by the conclusion of his sentencing hearing.  Petitioner does not allege that he was unaware of the facts underlying each of his claims for relief before the expiration of the one-year limitation to file a motion to vacate.  He likewise does not allege that he became aware of the factual basis for any of his claims only after he learned the outcome of his second appeal.  Consequently, Petitioner cannot avail himself of the benefit of a delayed start to the one-year limitation provided by Section 2255(f)(4).  *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255 petition").

Even if the date (April 12, 2012) that Petitioner allegedly learned the outcome of his appeal was the applicable date for triggering Section 2255(f)(4) and presuming that the delay in learning the outcome of the appeal is a "claim" unto itself, Petitioner cannot obtain relief.  The relevant date under § 2255(f)(4) is the date on which the facts supporting a claim could have been discovered through the exercise of due diligence, not the date of actual knowledge.  *See Aron v. United States*,

---

[6] Petitioner does not state in his motion or memorandum when he actually received the letter, though it must have been sometime after April 12, 2012.

6

291 F.3d 708, 711 (11th Cir. 2002). Petitioner does not allege that he made any effort to learn the outcome of his second direct appeal between the date of the dismissal (July 2, 2010), and the date of the letter from appellate counsel's office (April 12, 2012). *See Johnson*, 544 U.S. at 310-11 (stating that a petitioner must act with "reasonable promptness" and that Johnson did not exercise diligence where he "delayed unreasonably"). Petitioner was capable (and does not contend otherwise) of inquiring with either the Clerk of Court for this district court or with the clerk for the Eleventh Circuit to determine the status of his appeal. Thus, through the exercise of due diligence, Petitioner could have discovered the result of his appeal and filed his motion to vacate before the Section 2255 limitation expired. Because Petitioner cannot avail himself of a delayed start to the limitation under § 2255(f)(4), his motion to vacate is untimely, precluding federal review absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner does not allege or demonstrate either that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his motion to vacate. Petitioner

does not argue entitlement to equitable tolling to extend the limitation period in his case. Notwithstanding, the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents Petitioner from availing himself of the benefits of equitable tolling. *See Diaz v. Sec'y Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (equitable tolling requires both extraordinary circumstances and due diligence). For the reasons indicated above, the alternative commencement dates provided by § 2255(f)(2) and § 2255(f)(4) or by application of equitable tolling do not apply in Petitioner's case. Consequently, the timeliness of Petitioner's § 2255 motion is calculated from September 30, 2010, the date that his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's motion, filed on October 26, 2012, is untimely, precluding federal review.

## II.     Actual Innocence

Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). Petitioner neither alleges nor presents evidence establishing that he is factually innocent of the charges to which he pleaded guilty in his criminal case.[7] Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

## III.     Motion to Amend

Petitioner in his motion to amend (CV Dkt. 9)[8] seeks to add an additional ground for relief

---

[7] In his motion to vacate Petitioner does not seek to have his convictions overturned. Rather, he "seeks a remedy of specific performance" (i.e., resentencing). (CV Dkt. 2, p. 10).

[8] Petitioner filed his motion to vacate on October 26, 2012. In his motion to amend Petitioner states that, "Here, on October 28, 2012, [Petitioner] would like to submit his motion to amend/supplement pursuant to Rule 15(c) . . . his
(continued...)

alleging ineffective assistance of counsel for failing to object to the Government's alleged improper constructive amendment to the indictment. Like his original motion to vacate filed on October 26, 2012, Petitioner's motion to amend signed two days later on October 28, 2012, clearly falls outside the limitation period.[9] Thus, the amended ground is untimely and barred from federal review unless the claim relates back to a timely-filed claim in Petitioner's original Section 2255 motion. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the *timely* claims were filed.") (emphasis added). To relate back to a *timely* § 2255 motion, a subsequently presented claim must arise from the same conduct and occurrences that formed the basis of the timely asserted claims. *See* Fed. R. Civ. Proc. 15(c)(1)(B). Here, even assuming that Petitioner's amendment relates back to a ground in his original motion to vacate, he cannot benefit from that relation because Petitioner's original motion to vacate is untimely for the reasons discussed, *supra*. *See United States*

---

[8](...continued)
previous[ly] filed motion for post-conviction relief pursuant to 28 U.S.C.§ 2255." (CV Dkt. 9, p. 1). The certificate of service attached to the motion to amend states that Petitioner sent a copy of the motion to the Government on October 28, 2012. (CV Dkt. 9, p. 3). The mailing envelope attached to the motion to amend shows a date stamp of July 8, 2013. The motion to amend was received by this court and docketed on July 9, 2013. Petitioner offers no explanation for this delay or discrepancy. The motion to amend does not bear a date stamp from the prison indicating when the motion was received by prison officials for mailing.

[9] Although Petitioner does not argue that the timeliness of the amended claim should be considered separately from the original motion to vacate, even giving Petitioner the benefit of such an analysis, he cannot obtain federal review of the amended claim. *See Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013). In *Zack*, the petitioner attempted to resurrect eight untimely claims by raising a new claim for relief based on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Zack argued that his entire habeas *petition* was timely, under § 2244(d)(1)(C), because he filed it within one year after the United States Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304 (2002). The Eleventh Circuit held that AEDPA's statute of limitations "applies on a claim-by-claim basis in a multiple trigger date case." *Zack*, 704 F.3d at 926 ("We see no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that he could have raised earlier but did not."). Petitioner's case is not a "multiple trigger date" case. Even giving Petitioner the benefit of deeming the amended claim as filed on October 28, 2012 (the date cited in the certificate of service of the motion to amend), the amended claim, apart from the untimeliness of the claims in the original motion, would still be untimely.

*v. Hames*, 431 Fed. App'x 846, 847 (11th Cir. 2011) ("Rule 15 [of the Federal Rules of Civil Procedure] can be used in cases where a defendant files a *timely* § 2255 motion and then later files an amendment or additional motion that relates back to the original § 2255, but would otherwise be untimely.") (citing *Davenport*, 217 F.3d at 1344) (emphasis added).

## EVIDENTIARY HEARING

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED.  Petitioner's motion to amend (CV Dkt. 9) is DENIED.  The Government's motion to dismiss (CV Dkt. 8) is GRANTED.  The clerk is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id*.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to

deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite

showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of

appealability, he is not entitled to appeal in forma pauperis.

     **DONE AND ORDERED** in chambers this 6th day of December, 2013.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner, *pro se*
Counsel of record